Cite as: 592 U. S. \_\_\_\_ (2021)                    1

Statement of THOMAS, J.

# SUPREME COURT OF THE UNITED STATES

## NIKKI BRUNI, ET AL. *v.* CITY OF PITTSBURGH, PENNSYLVANIA, ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 19–1184.   Decided January 11, 2021

The petition for a writ of certiorari is denied.

Statement of JUSTICE THOMAS respecting the denial of certiorari.

The city of Pittsburgh, like many jurisdictions, has created "buffer zones" around abortion clinics. These zones often impose serious limits on free speech. Many even prohibit certain one-on-one conversations. In 2000, we upheld one such law, determining that it survived under the First Amendment because it satisfied intermediate scrutiny. *Hill* v. *Colorado*, 530 U. S. 703 (2000). Our use of intermediate scrutiny there, however, "is incompatible with current First Amendment doctrine as explained in *Reed* [v. *Town of Gilbert*, 576 U. S. 155 (2015)] and *McCullen* [v. *Coakley*, 573 U. S. 464 (2014)]." *Price* v. *Chicago*, 915 F. 3d 1107, 1117 (CA7 2019). For example, these more recent decisions establish that strict scrutiny is the proper standard of review when a law targets a "specific subject matter . . . even if it does not discriminate among viewpoints within that subject matter." *Reed*, 576 U. S., at 169.

I agree with the Court's decision not to take up this case because it involves unclear, preliminary questions about the proper interpretation of state law. But the Court should take up this issue in an appropriate case to resolve the glaring tension in our precedents.